# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50504
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KELVIN DE-MON NUNN, also known as Kelvin Demon Nunn,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-197-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Kelvin De-Mon Nunn was convicted, following a bench trial based on stipulated evidence, for possession of, with intent to distribute, crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. He was sentenced, *inter alia*, to 60 months' imprisonment.

The sole issue on appeal is whether the district court erred in denying Nunn's motion to suppress crack cocaine seized during, as Nunn concedes, a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lawful traffic stop for speeding.  Nunn contends the stop was longer than necessary to effectuate its purpose, *i.e.*, the issuance of a speeding ticket, and, therefore, violated his Fourth Amendment right to be free from unreasonable seizure.  *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) ("The stopping of a vehicle and detention of its occupants constitutes a 'seizure' under the Fourth Amendment.").

When reviewing the denial of a motion to suppress evidence, review of the constitutionality of law enforcement action is *de novo*; factual findings, for clear error.  *E.g., United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).  The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968).  *Pack*, 612 F.3d at 349-50.  First, we determine whether the initial traffic stop was justified.  *Id.* at 350.  Second, we examine whether "the officer's subsequent actions were reasonably related in scope to the circumstances that caused him to stop the vehicle".  *Id.* (citing *Brigham*, 382 F.3d at 506).

Here, as noted *supra*, only the second prong of *Terry* is at issue.  "An officer's subsequent actions are not reasonably related in scope to the circumstances that caused him to stop the vehicle if he detains its occupants beyond the time needed to investigate the circumstances that caused the stop, unless he develops reasonable suspicion of additional criminal activity in the meantime."  *Id.* (citing *Brigham*, 382 F.3d at 507).

The detaining officer testified that, when he initially approached Nunn's vehicle, he thought he smelled the odor of marijuana.  Thus, he developed a reasonable suspicion that there may have been additional criminal activity afoot, "based on more than an unparticularized suspicion or hunch".  *United States v. Jones*, 234 F.3d 234, 241 (5th Cir. 2000).  The officer detained Nunn based on this articulable suspicion "for a reasonable time while appropriately

attempting to dispel this reasonable suspicion". *Pack*, 612 F.3d at 350. Accordingly, the district court did not err in denying Nunn's suppression motion.

AFFIRMED.